\*\*NOT FOR PRINTED PUBLICATION\*\*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>vs.<br><br>KRISTY MARIE NASH(4) | No.9:17-CR-30-RC |

### REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE

Pending before the court is Defendant Kristy Nash's Motion for Compassionate Release from Custody due to COVID-19. (Doc. #219). This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. *See United States v. Rodriguez*, 23 F.3d 919, 920 n.1 (5th Cir. 1994); *see also* 18 U.S.C. § 3401(i) (2000); E.D. Tex. Crim. R. CR-59. The Government filed a response. (Doc. #221). Having considered the pending motion, the record, and the applicable law, the undersigned recommends denying Defendant's motion.

### I. BACKGROUND

On August 2, 2018, Kristy Nash was sentenced by the Honorable Ron Clark to 96 months imprisonment to be followed by a 5-year term of supervised release, after pleading guilty to conspiracy to possess with the intent to distribute and distribution of a controlled substance (methamphetamine), in violation of 21 U.S.C. § 846. (Doc. #212). As of the date of this report, Nash is in the custody of the Federal Bureau of Prisons ("BOP") at the Federal Medical Center Carswell in Fort Worth, TX. Her projected release date is May 8, 2024.

In the instant motion, Nash seeks compassionate release under the First Step Act due to the COVID-19 pandemic. In her motion, she claims that she is susceptible to the Novel Coronavirus due to being confined in close quarters with other inmates with no ability to maintain a safe distance as recommended by the CDC.

## II. ANALYSIS

On December 21, 2018, the President signed the First Step Act of 2018 into law. *See* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. The Act, in part, amended 18 U.S.C. § 3582(c), which gives the court discretion, in certain circumstances, to reduce a defendant's term of imprisonment:

> The court, upon motion of the Director of the [BOP], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that extraordinary and compelling reasons warrant such a reduction; or the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of [BOP] that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g); and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission
> . . . .

18 U.S.C. § 3582(c)(1)(A)(i)-(ii). This provision is commonly referred to as "compassionate release."

Prior to the First Step Act, only the Director of the BOP could file a motion seeking compassionate release. *See Tuozzo v. Shartle*, No. 13-4897, 2014 WL 806450, at *2 (D.N.J. Feb. 27, 2014) (denying petitioner's motion for compassionate release because no motion for his release was filed by the BOP); *Slate v. United States*, No. 5:09-CV-00064, 2009 WL 1073640, at *3

(S.D.W.Va. Apr. 21, 2009) ("Absent a motion from the BOP, the Court lacks authority to grant compassionate release."). The First Step Act amended § 3582(c) by providing a defendant the means to appeal the BOP's decision not to file a motion for compassionate release on the defendant's behalf. *United States v. Cantu*, No. 1:05-CR-458-1, 2019 WL 2498923, at *1 (S.D. Tex. June 17, 2019); *United States v. Bell*, No. 3:93-CR-302-M, 2019 WL 1531859, at *1 (N.D. Tex. Apr. 9, 2019). The plain language of the statute, however, makes it clear that a defendant must first exhaust her administrative remedies before seeking relief from the court. *United States v. Handerhan*, No. 1:10-CR-00298, 2019 WL 1437903, at *1 (M.D. Pa. Apr. 1, 2019) ("This section authorizes release after a movant has exhausted his administrative remedies if 'extraordinary and compelling reasons warrant such a reduction.'" (quoting 18 U.S.C. § 3582(c)(1)(A)(i))).

In the instant motion, Nash does not indicate that she has pursued her administrative remedies or relief through the BOP. In its response, the Government opposes relief because Nash has not exhausted administrative remedies. (Doc. #221, at 3). The Government also opposes relief because Nash's motion for compassionate release based on coronavirus concerns fails on the merits. *Id*. at 4.

The office of the BOP does indicate in its response that Nash made her request for compassionate release to them on July 15, 2020, over a month after she filed with the court. She arguably has at this point exhausted her administrative remedies. However, even if Nash has exhausted her remedies, an applicant for compassionate release must show extraordinary and compelling reasons exist to warrant her release. In Application Note 1 to § 1B1.13 of the United States Sentencing Guidelines Manual, the Commission defines "extraordinary and compelling reasons" to include the following four categories of circumstances: (i) certain medical conditions

3

of the defendant; (ii) the defendant is 65 years or older and meets other requirements; (iii) the defendant's family has specified needs for a caregiver; and (iv) other reasons in the defendant's case that establish an extraordinary and compelling reason. The policy statement regarding compassionate release also requires a determination that "the defendant is not a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). Nash is 39 years old and does not appear to have any medical problems that would qualify her as a medically high-risk inmate. She does not assert in her motion that her family has specified needs for a caregiver or that she has any other extraordinary or compelling reason. Thus, Nash currently fails to meet the requisite standard for compassionate release.

In summary, while Nash may have exhausted her administrative remedies as required by statute, she has failed to satisfy her burden of showing the necessary circumstances to warrant relief under the statutory framework to which the court must adhere. *See United States v. Koons*, No. 16-214-05, 2020 WL 1940570, at *4-5 (W.D. La. Apr. 21, 2020) (stressing that "the rampant spread of the coronavirus and the conditions of confinement in jail, alone, are not sufficient grounds to justify a finding of extraordinary and compelling circumstances"). It is therefore the recommendation of the undersigned that the Defendant's Motion for Release be DENIED.

### III. OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(c), each party to this action has the right to file objections to this report and recommendation. Objections to this report must: (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, and (3) be served and filed within fourteen (14) days after being served with a copy of this report, and (4) no more than eight (8) pages in length. *See* 28 U.S.C. § 636(b)(1)(c); FED. R. CIV. P. 72(b)(2); Local Rule CV-72(c). A party who objects to this report is entitled to a *de novo* determination by the United States District

Judge of those proposed findings and recommendations to which a specific objection is timely made. *See* 28 U.S.C. § 636(b)(1); FED R. CIV. P. 72(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this report, within fourteen (14) days of being served with a copy of this report, bars that party from: (1) entitlement to *de novo* review by the United States District Judge of the findings of fact and conclusions of law, *see Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any such findings of fact and conclusions of law accepted by the United States District Judge, *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

**SIGNED this the 24th day of August, 2020.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE